LEOPOLD BOLLERMANN et al., Appellants, *v.* CHARLES H. BLAKE, Respondent.

(Argued October 19, 1883; decided November 20, 1883.)

THIS was an action of ejectment brought by plaintiffs, who claimed as heirs at law of Charles Anthony Bollerman.

Carl Anton, a naturalized citizen of the United States, died intestate, May 18, 1866, seized of the lands in question. He left no descendants and no father or mother; but he left two brothers and one sister namely, Joseph, Gasper and Margaretta, all of whom were unnaturalized aliens. Joseph died November 5, 1866, and whatever right he had in the land passed to his surviving brother and sister. The plaintiffs were, at the death of Carl Anton, his only relatives by blood, third cousins, who were also citizens of the United States. In 1845 a treaty which had previously been negotiated and ratified between the United States and Grand Duchy of Hesse was proclaimed, the first, second, third and fourth articles of which are as follows:
I. " Every kind of *droit d'aubaine, droit de retraite* and *droit de detraction*, or tax on emigration, is hereby, and shall remain abolished between the two contracting parties, their states, citizens and subjects, respectively."
II. " Where on the death of any person holding real property within the territories of one party, such real property would, by the laws of the land, descend on a subject or citizen

of the other were he not disqualified by alienage, such citizen or subject shall be allowed a term of two years to sell the same, — which term may be reasonably prolonged according to circumstances — and to withdraw the proceeds thereof without molestation, and exempt from all duties of detraction on the part of the government of the respective States."

III. " The citizens or subjects of each of the contracting parties shall have power to dispose of their personal property within the states of the other by testament, donation, or otherwise ; and their heirs, being citizens or subjects of the other contracting party, shall succeed to their said personal property, whether by testament or *ab intestato*, and may take possession thereof, either by themselves or by others acting for them, and dispose of the same at their pleasure, paying such duties only as inhabitants of the country where the said property lies shall be liable to pay in like cases."

IV. " In case of the absence of the heirs, the same care shall be taken provisionally of such real or personal property as would be taken in a like case of property belonging to the natives of the country, until the lawful owner, or the person who has a right to sell the same according to article second, may take measures to receive or dispose of the inheritance."

On the 28th day of April, 1868, Casper and Margaretta procured an act of the legislature of this State to be passed, which released all the interest of the State in the land left by Carl Anton to the persons who would be his heirs at law, and who would inherit the land, but for their alienage, and which further provides as follows : " And such person or persons and their heirs at law are hereby authorized to take, hold, sell and convey said lands and premises, or any interest they or either of them may have therein, in the same manner and with the same effect as if they were citizens of the United States."

*Held*, that the deed from Casper and Margaretta conveyed a good title, and that plaintiff was not entitled to recover. As the opinion was not concurred in by a majority of the court, it is not reported in full.

*C. C. Prentiss* for appellant.

*F. R. Coudert* for respondent.

EARL, J., reads for affirmance ; DANFORTH, J., concurs.
All concur in result.
Judgment affirmed.