WILLIAM A. SCHULT, Appellant, *v.* CONRAD MOLL, Respondent.

The law favors a construction of a will which will prevent partial intestacy.

The fact of making a will raises a strong presumption against any expectation on the part of the testator of leaving or a desire to leave any portion of his estate beyond the operation of his will.

In an action to recover back moneys paid upon a contract to sell real estate the following facts appeared: In 1876, one H. died seized of the premises in question. At that time he was living with one B. as his wife. R., to whom B. had been married, was then alive, but had obtained a divorce from her, the decree in which forbid her remarriage during his life-time. B. had one daughter W., of whom R. was the father, and another daughter C., of whom H. was the father; the latter left no heirs at law. H. devised one-third of his real estate to his "adopted daughter" W., one-third to his "daughter" C., and one-third to his "wife" B., adding "that is to say, her dower right to my estate;" he conferred upon his "wife" B., with his executor. power to sell his real estate, and provided that the proceeds should be deposited by them in a savings bank until his "above-named children" arrived at the age of twenty-one, when they were to receive their interest of one-third of the money deposited therein. H. then devised to his "wife" the rents and interests of his estate during the minority of his "children." B. died intestate a few months after H. C. died within a year thereafter, aged two years, leaving no relatives on her mother's side except a grandmother and her half sister W. Subsequently, in a proceeding for the sale of infant's real estate, the interest of W. was sold to defendant. *Held,* that under the will, B. was vested with the fee of one-third of the real estate; that upon her death, C. and W. each became vested with an undivided one-half; that upon the death of C., her undivided one-half passed to W.; and so, that defendant had a good title.

(Submitted February 5, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made June 23, 1890, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

This was an action to recover back moneys paid by plaintiff under a contract for the purchase by him of defendant of certain real estate on the ground of defect of title. The judg-

ment denied the relief sought and directed specific perform-ance on the part of plaintiff.

The facts, so far as material, are stated in the opinion.

*Moffett & Kramer* for appellant. It is not the province of the court to conjecture what the testator meant, but only to determine the meaning of his words, the intention of the testator, which is to be derived from the language employed in the will itself. (*Campbell* v. *Beaumont*, 91 N. Y. 467; *Byrnes* v. *Stilwell*, 103 id. 458.) When a testamentary provision admits of two constructions, the one which would render it legal and operative and in harmony with the law should be adopted. But this rule only applies to cases where the parts are inconsistent and cannot be reconciled and where there is an absence of any clear expression to the contrary; it is never adopted except as a last resort to be availed of when all efforts to reconcile the inconsistency by construction have failed. (*DuBois* v. *Ray*, 35 N. Y. 175; *Roseboom* v. *Roseboom*, 81 id. 357; 52 id. 20, 21; 16 id. 84; 2 Paige, 122; 2 N. Y. 73; 39 id. 39, 83; 63 id. 52; 1 Bosw. 223.) The purchaser is entitled to a clear title, free of encumbrances, where he agrees to pay the full value of the property. (*Burwell* v. *Jackson*, 5 Seld. 533; *Bostwick* v. *Beach*, 103 N. Y. 421.)

*Jacobs & Butcher* for respondent. The title to the real estate in question is marketable and good. (2 Redf. on Wills, 442; *Lyman* v. *Lyman*, 22 Hun, 263; *Vernon* v. *Vernon*, 53 N. Y. 361; *Byrnes* v. *Baer*, 86 id. 218; *Provost* v. *Calyer*, 62 id. 545.) The will contained words sufficient to carry the fee. (1 R. S. 748, § 1.) It is well settled, that where a will contains language sufficient for a fee, the devisee's interest will not be restricted or cut down to any less estate by ambiguous words inferential in their intent. (*Clark* v. *Leupp*, 88 N. Y. 281; *Road* v. *Watson*, 54 Hun, 85; *Oothout* v. *Rogers*, 59 id. 97; *Crain* v. *Wright*, 114 Hun, 310.) The reasonable supposition is that the testator intended to fully recognize Babetta as his wife, and to give her absolutely what would

otherwise have been her's only for life, at the same time confining her interest to the third thus devised, as otherwise the wife would be entitled to dower in the whole estate. (*Konvalinka* v. *Schlegle*, 104 N. Y. 125; 1 Jarman on Wills [5th Am. ed.], 53, 60, 109; *Lawton* v. *Corleis*, 127 N. Y. 100; *Vernon* v. *Vernon*, 53 id. 351.) Reinig had no right of curtsey, as Babetta was not seized until after the marriage relation had been dissolved. (*Kade* v. *Lamber*, 16 Abb. [N. S.] 288; *In re Ensign*, 37 Hun, 152; *Luhrs* v. *Einer*, 80 N. Y. 171.)

Parker, J. The complaint averred the making of a contract for the purchase and sale of lands; the payment of $500 on account of the purchase-price by the plaintiff; the failure of the defendant, the other party to the contract, to perform, and demanded judgment for the installment paid, and the expense incurred in making a search.

The answer admitted the making of the contract; denied performance on plaintiff's part; alleged ability to perform and a proffer of performance on the part of the defendant and demanded judgment; that the contract be specifically performed.

John Hablawitz was formerly the owner of the premises in question. He died in February, 1876, leaving a last will and testament, by which he devised his estate as follows: " To my adopted daughter, Wilhelmina Hablawitz, one-third of my real estate; to my daughter Catherine Hablawitz, one-third of my real estate; to my wife Babetta Hablawitz, one-third, that is to say, her dower right to my estate."

Whether the defendant's title is good and marketable depends upon the answer which must be given to this inquiry: Did the devise to Babetta vest in her the fee of an undivided one-third of testator's real estate, or only a life estate therein? How this question comes to be controlling may be briefly stated. Babetta Hablawitz was not the lawful wife of the testator, as she had formerly been married to one John Reinig, who obtained a judgment of absolute divorce against her,

which contained the usual restriction against her re-marriage during the life-time of Reinig, who was still living at the time of testator's death.

The testator and Babetta lived together as husband and wife, during which time Catherine Hablawitz was born. Wilhelmina Hablawitz, mentioned in the will as the adopted daughter of the testator, was the child of John and Babetta Reinig, born in lawful wedlock.

Babetta died intestate a few months after the death of John Hablawitz. Catherine died within a year thereafter, aged two years, leaving no relatives on the putative father's side, and only her maternal grandmother and the half sister Wilhelmina on her mother's side.

Subsequently proceedings were instituted under the statute authorizing the sale of infants' real estate, which resulted in a conveyance of Wilhelmina's interest in the real estate to this defendant. The regularity of these proceedings are not brought in question, so if Babetta acquired under the will the fee of an undivided one-third, upon her death such one-third descended to her daughters Wilhelmina and Catherine, in equal shares, each of whom thereupon became vested with the undivided one-half of such real estate, and upon the death of Catherine her undivided one-half passed to her half sister Wilhelmina, who thereupon became seized in fee of the whole of said premises. (1 R. S. 753, § 14; Laws 1855, chap. 547 ; *Bollermann* v. *Blake*, 24 Hun, 187.)

We are thus brought to a consideration of the question whether by the devise of Babetta, she became vested with a fee or a life estate.

It may be conceded at the outset that the language of the devise standing alone is capable of either construction, and in determining which of the two is required by the will, the court may invoke the aid of the rule which commands that effect shall be given, if possible, to the manifest intention of the testator. The intention which is to be derived from the language employed in the will may be interpreted in the light of the surrounding circumstances.

It may be observed, in the first place, that the testator left no heirs at law, and that had he died intestate as to any portion of his estate, it would have escheated to the state, and no circumstances are disclosed which would indicate such a desire on his part. That he intended fully to recognize the claims of Babetta whom he called his wife, upon him, is apparent from the general scheme of his will.

Wilhelmina, whom he describes as his adopted daughter, was in no way connected with him by ties of blood, but was the daughter of his wife by her divorced husband, and yet he devises to her one-third of his estate, the same proportion as that given to Catherine whom he speaks of as his daughter and who was born while testator and Babetta were living together as husband and wife.

There remained yet one-third, and as to it his will continues " to my wife Babetta Hablawitz one-third, that is to say her dower right, of my estate." In view of the disposition made of the other two-thirds by which he provided for the children of his wife, coupled with the fact that he had no heirs to take lands as to which he should die intestate, it would seem as if he must have intended that she should have the other one-third which he may have understood to be a wife's portion. But knowing that she was not his lawful wife he declares her to be such and characterized the gift in language indicating that he regarded her as sustaining that relation towards him.

That he intended to give Babetta and her daughters his entire estate, has support in the other provisions of the will. After the devise to Babetta the will continues " and I give to my wife Babetta Hablawitz in conjunction with the below-named executor, full power to sell and transfer my real estate for the best price they can obtain, and the money received from such sale or sales to be deposited in a savings bank by my wife and the below-named executor, until my above-named children arrive at the age of twenty-one years, then they receive their interest of one-third of the money deposited therein. And I further devise to my wife the rents and interests of my estate during the minority of my children."

It will be observed that he confers upon Babetta, in conjunction with the executor a power of sale as to all the real estate of which he died seized, and directs them to deposit the proceeds in a savings bank, until the children reach their majority. Until which time he gives. the rents, and interest of the entire estate to Babetta.

We have thus referred to the language of the will, and briefly to the surrounding circumstances, which may properly be employed in its interpretation, and they seem to strongly indicate, that it was the intention of the testator to vest the fee of an undivided one-third of his real estate in Babetta. One of the facts alluded to has been given prominence in repeated adjudications involving the question of intent. We refer to the fact that if Babetta did not take a fee then as to an undivided one-third of the estate, testator died intestate subject to a life estate.

The law favors a construction which will prevent partial intestacy. Redfield in his work on wills says " the courts have for a long time inclined very decidedly against adopting any construction of wills which would result in partial intestacy unless absolutely forced upon them. This has been done partly as a rule of policy perhaps, but mainly as one calculated to carry into effect the presumed intention of the testator, for the fact of making a will raises a very strong presumption against any expectation or desire on the part of the testator of leaving any portion of his estate beyond the operation of his will." (Vol. 2, p. 442.)

This proposition has also received attention in *Lyman* v. *Lyman* (22 Hun, 263); *Vernon.* v. *Vernon* (53 N. Y. 351– 361); *Provoost* v. *Calyer* (62 N. Y. 545) and *Byrnes* v. *Baer* (86 N. Y. 210–218).

If the words " that is to say her dower right " were omitted the devise would unquestionably carry the fee. For the reasons already given the conclusion is reached that they were not employed for the purpose of restricting or cutting down the estate and the clause should accordingly be read as devising to Babetta the fee of an undivided one-third of testator's real estate.

As the question presented involves only the construction of a written instrument, no reason suggests itself for refusing to decree specific performances.

The judgment should be affirmed.

All concur.

Judgment affirmed.