(34 Misc. Rep. 77.)

### SIEFKE v. SIEFKE et al.

(Supreme Court, Special Term, New York County. February, 1901.)

1. WILLS—CONSTRUCTION—ACCUMULATIONS—INCOME—REDUCTION OF MORTGAGE.
   A provision of a will that part of the income arising from realty should be applied to the reduction of a mortgage thereon was void as an unlawful accumulation under the statute declaring that accumulation may only be made for the benefit of minors.

2. SAME—PARAMOUNT INTENTION—BEQUEST.
   Where a will bequeathed property to the executor, in trust to pay to testator's wife one-third of the income after paying one-half in reduction of mortgages, and the paramount intention of the testator was to give the income of the property to his children, with a suitable life estate for his widow, and the income was so small that the provision for the widow was inadequate for her support, the direction as to the application of the income to the payment of mortgages would not be sustained, being contrary to testator's paramount intention.

3. SAME—SEPARATE BEQUEST—INVALIDITY OF ONE—EFFECT.
   Where a testator bequeathed property to his executor in trust to pay to his wife one-third of what remained of the income after applying one-half thereof in reduction of mortgages, the provision for the wife was distinct from that requiring payment on the mortgages, and was not affected by the fact that the latter provision was invalid as creating an unlawful accumulation.

4. SAME—EXECUTOR'S POWERS—SALE OF REALTY FOR DEBTS.
   Testator's estate consisted of $1,400 in personalty; $330,000 in realty, subject to a mortgage for $30,000; his unsecured indebtedness exceeding $16,000; and part of the personalty was specifically bequeathed. The

will contained a provision for the reduction of mortgages, which was void as an unlawful accumulation. Testator's intention was to give the income of his property to his children, with a suitable life estate for his widow, and the corpus of the estate to his grandchildren. *Held*, that the executors were vested, as trustees, with the title to all of the property except the specific bequests, and hence had power to sell a sufficient amount of the realty to pay debts and legacies.

**5. SAME—PERSONALTY—SPECIFIC BEQUESTS—PAYMENT OF DEBTS.**

Where testator specifically bequeathed personalty, and did not intend to divert the main body of his personal estate to the payment of his debts, personalty so bequeathed is not subject to sale for the payment of debts, in the absence of an insufficiency of the general property of the estate applicable thereto.

Action by Henry Siefke, executor, against Caroline Siefke and others, for the construction of the will of Henry Siefke.

Francis B. Chedsey, for plaintiff.

H. M. Gerscheidt, for Christina Schroeder.

James, Schell & Elkus, for Louisa Siefke and others.

John G. O'Brien, for Caroline Siefke.

RUSSELL, J. Ineffective expressions of limitation and purpose, as well as incongruous verbiage, may be subordinated in the construction of the will of Henry Siefke, deceased, by his enlightening statements of his paramount wishes in the will itself, which plainly, if ungrammatically, declare those paramount wishes, and necessarily draw the inference that directions of lesser importance shall not interfere with the execution of the principal plan of distribution which caused the execution of the will. "The main intention of this, my will, is, subject to specific bequests and the provisions made for my said wife and children, not to continue beyond their respective lives, and to divide my estate and property among my surviving children equally, giving them the income only, and the corpus of such child's share to his or her issue, share and share alike." Henry Siefke, deceased, executed the will in question on the 28th day of January, 1892, and died on the 10th day of June, 1899, leaving as his sole heir and next of kin Henry Siefke, the plaintiff, and his widow, Caroline C. Siefke; the other defendants being contingent remainder-men, aside from Greenwood Cemetery, which is a legatee. He left real estate in the city of New York of the value of about $330,000, subject to mortgages of some $30,000. It is important to bear in mind that his personal estate consisted only of about $200 in bank and household furniture, horses, and carriages, of the aggregate value of about $1,200; and that his funeral expenses amounted to $1,844, and his unsecured indebtedness to $14,516.71. The will, in substance, provides for his burial in Greenwood Cemetery, and bequeaths to the son, Henry, all his jewelry, diamonds, and wearing apparel, and devises and bequeaths all the rest of his property to his executor in trust. The declared purposes of the trust are these: First, to pay all debts and funeral expenses; to pay Greenwood Cemetery $5,000; to sell the horses, carriages, and other appurtenances, and pay the proceeds to the son, Henry, when he became 24 years of age, or deliver the articles themselves to him at the age of 21;

to convert all the rest of the personal property into money, and keep it invested in bonds secured by mortgages; apply the net income and the rents and profits of the real estate by reservation annually of one-half of the net income to the reduction of any mortgages on the real estate, the payment of the expenses of repairing the property, and the taxes and assessments, and the interest on the mortgages; the payment to the wife, Caroline, of one-third of the remainder of the net income while she remained his widow, which provision was in lieu of dower; and the remaining two-thirds of the net income to his lawful child or children; and if such two-thirds was, in the judgment of the executors, more than sufficient for the child's support, maintenance, and education, the balance to be accumulated until the child reached 21 years of age, when the entire portion would be paid to him. Upon the death of the wife and son, Henry, the whole of the estate was to be divided equally between the lawful issue of Henry; and, if the testator had another child at his death, then such property was to be divided among all of his grandchildren. In the event of no lawful issue or any child of the testator, then the whole estate should go to the children of his brother, John Jacob Siefke, and his sister, Christina Vehslage.

It is plainly evident that the personal estate of the testator was insufficient to pay even the funeral expenses provided for by the will. A portion of that very personalty was given to the son, Henry; and, by a provision of the will stated within the space of the apparent language of the declaration of the trust purposes, nearly all of the remainder of the personalty is bequeathed to his wife, Caroline, for her use, during the time she remained his widow. Evidently, therefore, he had either invested a considerable amount of personalty, after the making of the will, in real estate, or did not carry into effect an intended purpose of accumulating in his lifetime more personalty in comparison with the amount of realty held by him. He left nothing but realty for the payment, not alone of the mortgages, but of his unsecured debts. Those unsecured debts, and possibly the mortgages themselves if they matured earlier than any of the accumulations contemplated by the will would provide for them, had to be met necessarily by some disposition of nearly $50,000, worth of his realty. The income of that realty at the time of his death was in the neighborhood of $15,000, and the devotion of half of it to the payment of the unsecured obligations would take two years of time, and the accumulations for the payment of the mortgages four years longer. These reductions, with the payment for repairs on the buildings, taxes, assessments, and mortgage interest, would leave but little to be divided by way of income between the widow and the child, thus frustrating the intent to give his child, and possibly other children, a sufficient income, and illy provide for the maintenance of the widow. The direction to accumulate one-half of the net income to meet the mortgages as they matured cannot be sustained, being contrary to the general provision of his will, and providing for accumulations not made for the benefit of a minor during infancy. A trust to accumulate the realty capital of the estate by the application of the amount of the rents and profits is a

void accumulation; but any provision for the wife's annuity may be a separable trust from that of the accumulation, and such portion sustained. Hascall v. King, 162 N. Y. 134, 56 N. E. 515. The question whether the provisions for the preservation of the realty limit effectually the power of the executor to sell the real estate for the payment of the debts and legacies may be solved by a recurring reference to the main object of the testator in his testamentary provisions. The insufficiency of the personalty to carry out the provisions of the will in these respects is important in determining whether the testator intended to limit the effect of the devise to his executors under which they might ordinarily sell the real estate. Briggs v. Carroll, 117 N. Y. 288, 292, 22 N. E. 1054. Where the import of the words is doubtful, the necessity of a sale to carry out the full purpose of the testator may be decisive. Cahill v. Russell, 140 N. Y. 402, 35 N. E. 664. A direction to invest all the rest, residue, and remainder of the testator's property in bonds and mortgages passed a title to the real estate to the executors, and effected a conversion into personalty. Byrnes v. Baer, 86 N. Y. 216. A devise and bequest to a wife for life, with a provision that, if any of the property was left at her death, it was to be divided among the children, gave the power to dispose of the real estate, and use the proceeds. Thomas v. Wolford, 49 Hun, 145, 1 N. Y. Supp. 610. With an utter insufficiency of personalty to accomplish the payment of pressing obligations, and a void provision for the accumulation of the rents and profits directed to meet a portion of those obligations, and a paramount intention to give the income of his property to his child or children with a suitable life provision for his widow, the inference is conclusive that the testator did not intend to fetter the trust estate and power of his executor by any limitations of the power to sell the realty to accomplish the purposes of the will in case the executor, in his discretion, deemed such power essential. It follows, also, that the testator did not intend to divert the main body of his personalty, which was given to the wife and child, to the payment of his debts. The articles of personalty were specifically bequeathed for their personal use with the affectionate thought that they would succeed him, when he should have passed away, in the use and comfort of those things of value for their associations. It needs an insufficiency of his general property to authorize their sale for the payment of debts. Toch v. Toch, 81 Hun, 410, 30 N. Y. Supp. 1003. The construction of the will, therefore, is that the executors are vested in trust with the title to all the property except that part of the personalty which is specifically bequeathed, and have power to sell enough of the realty to pay the just and lawful debts, funeral expenses, and the legacy to Greenwood Cemetery. The discretion of the executors goes to a proper selection of the parcels which should be sold for the payment of the mortgages as well as the unsecured indebtedness. After the payment of the debts, funeral expenses, and legacy, with the expenses of sale, the surplus proceeds are to be invested as the personal property by the will is directed to be held and invested. Out of the rents and profits of the real estate and the income of any personal

estate they should pay the taxes and assessments on the property, repairs, and interest on the mortgages, and the balance of the rents and profits and income to the son, Henry, if the widow elects to take her dower in place of the provisions of the will intended in lieu of dower. The personal property specifically bequeathed should be turned over to the legatees. The right of dower of the widow, Caroline, is unaffected by the judgment herein. Costs as to all the parties appearing shall be paid out of the estate.

Ordered accordingly.