Where an illegitimate child dies intestate after his mother, and leaves, him surviving, no father, widow, descendants, or brother, but leaves an illegitimate sister of the full blood, she takes, in the right of her mother, the whole estate, under Code Civ. Proc. § 2732, subd. 9, to the exclusion of the next of kin of her father, though the latter had, in Germany, adopted the son at an early age—even though the adoption was legally made.

In the matter of the estate of William C. Lutz, deceased. Application for commission to take testimony of foreign witnesses. Application denied.

George L. Lewis, for petitioner.

Hammond & Hammond, for Paulina Krueger, administratrix.

MARCUS, S. This is an application made by Carl Schwinghammer for a commission to take the testimony of various witnesses named in the application, all residents of Germany, to which the administratrix, Paulina Lutz Krueger, has filed objections. William C. Lutz, the intestate, died in Buffalo, N. Y., January 23, 1902, leaving no father, mother, widow, descendants, or brother, except Paulina Lutz Krueger, his illegitimate sister, of full blood. William C. Lutz and Paulina Lutz Krueger were children of the same father and mother, who were never married. Both children were born out of wedlock and illegitimate. William Gottlieb Lutz, their father, was born February 24, 1815, in Germany, and died there on May 13, 1873. It appears that said William Gottlieb Lutz on September 30, 1866, was married to Elisa Frey in Germany, who died on March 6, 1895, without children. Rosina Marie Schaaf, the mother of William C. Lutz and Paulina Lutz Krueger, died intestate November 26, 1880, and left no other descendants. The intestate, William C. Lutz, was born October 27, 1842, illegitimately. He came to the United States about the year 1862, and became a citizen thereof, and so remained to his death. His actual domicile was in Buffalo, N. Y., at the time of his death. Paulina Lutz Krueger was born August 31, 1844, illegitimately, at Eslingen, Germany. She was appointed the administratrix of the estate of William C. Lutz, the deceased intestate, at the time of his death.

It is claimed that the father of the deceased intestate adopted him under the laws of Germany in his early boyhood days, and that by virtue of such adoption the distribution of the decedent's estate would pass, not to his illegitimate sister of full blood with himself, but to the next of kin of his father; the latter being the grandchildren of the brother of William Gottlieb Lutz, and the grandnephew and grandniece of the father of the illegitimate deceased; thereby using the father of the illegitimate as a conduit of title to pass the property on to the legitimate next of kin of such putative father.

¶ 1. See Bastards, vol. 6, Cent. Dig. §§ 251, 262.

My conclusion is to deny the application on the ground that subdivision 9 of section 2732 of the Code of Civil Procedure, which is chapter 236, p. 257, of the Laws of 1845, provides that the relatives of the deceased on the part of the mother shall take in the same manner as if the deceased had been legitimate, if the mother of such deceased be dead.

Assuming the adoption claimed by the applicant to have actually taken place in conformity with the laws of Germany, it nevertheless would not have legitimated William C. Lutz through such act of adoption by his putative father, William Gottlieb Lutz; and such act of adoption by the putative father would not legitimate William C. Lutz to the extent of depriving his mother, and, through her, his sister of full blood, of her right to distribution under the laws of the state of New York, and thus carry the distribution over to the Schwinghammer branch, who are the grandnephew and grandniece of William Gottlieb Lutz, the father of the illegitimate intestate. My conclusion is that, if the adoption had taken place in the foreign country, it nevertheless would not entitle the collateral heirs of the putative father to receive the personal property as against the sister of full blood, who is the only living descendant of the mother of the illegitimate deceased, and who alone is entitled to distribution under the laws of the state of New York, which direct the inheritance to go to the children of the illegitimate intestate on the part of the mother, if she be dead at the time of the death of the illegitimate.

Decreed accordingly.