---

(110 App. Div. 212.)

### MILLS et al. v. TOMPKINS et al.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. WILLS—CONSTRUCTION OF TECHNICAL WORDS—"BEQUEATH."

Though the word "devise" is the appropriate term to pass title to real estate, and "bequeath" is the term applicable to gifts of personal property, a strict adherence to such use of the words is not necessary, and title to real estate may pass by the use of the word "bequeath" where such was the intention of the testator.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 241.]

2. SAME—CONSTRUCTION PREVENTING PARTIAL INTESTACY.

The fact that testator made a will creates a fair presumption that he intended to dispose of all his property, and this presumption is strengthened by the rule which favors a construction preventing partial intestacy.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 965.]

3. SAME—DESCRIPTION OF PERSONALTY.

A will commenced with the statement that the testator wished to make a suitable disposition "of all such personal property" as he might leave. Testator then proceeded to dispose of certain personal property, after which followed this clause: "It is my will and wish that all other property of which I die possessed be applied to the payment of my debts and I hereby give and bequeath to my wife all the rest, residue and remainder of my property * * * to have and to hold the same for her and her heirs and assigns forever." *Held*, that it was the intention of the testator to devise his real estate by the residuary clause.

Appeal from Special Term, New York County.

Action by Benjamin P. Mills and others against John Albert Tompkins and others. From a judgment for defendants (95 N. Y. Supp. 962), plaintiffs appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
SON, LAUGHLIN, and HOUGHTON, JJ.

Carlisle Norwood, for appellants.
George S. Daniels, for respondents.

McLAUGHLIN, J.   The parties to this litigation claim to own or
have an interest in certain real estate in the city of New York,
to settle and determine which this action was brought.   The determi-
nation of the question turns upon the construction to be put upon
the will of one John Tice, who died on or about the 31st of De-
cember, 1832, seised of the premises described in the complaint.   If
the title to such real estate passed under the will of Tice to his
widow, then the plaintiffs have good title, and defendants do not
own, and have no interest in, such land.   The trial court reached
the conclusion that the widow never had good title because Tice
intended by his will to dispose of only his personal estate, and as
to his real estate he died intestate.   It is true the will commences
with the statement that the testator wishes to "make a suitable dis-
position of all such personal property" as he might leave; but this
does not indicate, when the balance of the will is read in connection
with it, an intent not to dispose of anything but personal property.
On the contrary, what follows indicates, as it seems to me, a clear
and well-defined intent to dispose of all his property, both real and
personal.

After the recital referred to the testator proceeded to dispose of
his household furniture by gift to his wife, with the exception of
certain articles which he gave to one of his daughters.   He then pro-
ceeded to dispose of his interest in certain cloths manufactured in
a certain factory, and then directed that certain accounts between
him and one Higgins be adjusted and a balance struck, which should
be paid to his executrix and executor to be applied by them to the
payment of his debts.   Then followed this clause:

"And it is my will and wish that all other property of which I may die
possessed, be applied to the payment of my debts, and I hereby give and be-
queath to my wife Mary all the rest, residue and remainder of my property,
after my debts are paid, to have and to hold the same for her and her heirs
and assigns forever."

The will was evidently drafted by the testator himself or by some
person unfamiliar with drafting a paper of this kind; but, notwith-
standing that fact, more comprehensive language could scarcely have
been used in the residuary clause if he intended to dispose of all
the property which he possessed.   "All other property" is disposed
of without limitation, and this is to be applied to the payment of
his debts and after such application, if anything is left, the wife is
to take "all the rest, residue and remainder."   There are no words
of exclusion or limitation.   The gift to the wife is "all the rest, res-
idue and remainder of my property."   This included real estate
in which an absolute fee was given.

It is true the word "devise" is the appropriate term to pass title
to real estate, and "bequeath" the term applicable to gifts of per-
sonal property, but a strict adherence to technical words is not neces-

sary to give effect to a testator's intent (Lasher v. Lasher, 13 Barb. 106), and the fact that the word "devise" was not used does not prevent the title to real estate passing by the use of the word "bequeath." Lamb v. Lamb, 131 N. Y. 227, 30 N. E. 133. The intention of a testator, when it can be ascertained from the language used, will be allowed to control the legal operation of words, however technical. Indeed, it has been held that words and phrases may be transposed, or even inserted or left out of a provision, if it becomes necessary to do so in order to carry out a clearly expressed intention of a testator. Wager v. Wager, 96 N. Y. 164. The fact that the testator made a will at all creates a fair presumption that he intended to dispose of all his property (Byrnes v. Baer, 86 N. Y. 210), and this presumption is strengthened when it is considered in connection with the rule which favors a construction preventing a partial intestacy. Schult v. Moll, 132 N. Y. 122, 30 N. E. 377; Johnson v. Brasington, 156 N. Y. 181, 50 N. E. 859.

I am of the opinion, therefore, that by the use in the residuary clause of the words "all other property" the testator intended to include his real estate. The doctrine seems to be established that where the residuary bequest is not circumscribed by clear expressions in the instrument, and the title of the residuary legatee is not narrowed by special words of unmistakable import, the residuary legatee will take whatever may fall into the residue. Morton v. Woodbury, 153 N. Y. 243, 47 N. E. 283. If the foregoing conclusions be correct, then it follows that the title to the real estate in question passed under the will of Tice to his widow, and the plaintiffs, having succeeded to her interest, have good title to the land described in the complaint.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.