## In the Matter of the Estate of CARL KARENIUS, Deceased.

Surrogate's Court, New York County, February 15, 1939.

*James Wilson Young,* for the petitioners.

*William C. Chanler, Corporation Counsel,* for the comptroller of the city of New York, respondent.

DELEHANTY, S. Petitioners seek to obtain from the city treasury a fund deposited therein by the administrator for the benefit of unknown kin. The sole question involved is whether petitioners are " relatives of the deceased on the part of the mother " of deceased. The proof shows that deceased was an illegitimate child and that his mother was also the mother of each of petitioners and that each of petitioners was born out of wedlock. The proof shows that the mother of deceased predeceased him.

Subdivision 7 of section 83 of the Decedent Estate Law is here applicable. It says: " If the mother of such deceased be dead, the relatives of the deceased on the part of the mother shall take in the same manner as if the deceased had been legitimate, and be entitled to letters of administration in the same order." While at the common law a child born out of wedlock had no relatives and could inherit from no one that status has been materially changed by statute in many States. While these statutes are in derogation of the common law they are remedial in their purpose and are given a liberal construction. The courts of the respective States have been astute to find in the statutes dealing with the rights of illegitimates a basis upon which they could be given as nearly as might be the property rights of legitimate children.

A case which deals with the construction to be given to the old section 2732, subdivision 9, of the Code of Civil Procedure (now section 83 of the Decedent Estate Law) is *Bollerman* v. *Blake* (24 Hun, 187; affd., 94 N. Y. 624). The General Term's ruling upon the effect of an act of legitimation hereafter referred to was reversed by the Court of Appeals, but the case in the General Term is still of importance because it contains a construction of the language of subdivision 9 of section 2732 of the Code of Civil Procedure. The issue in that case arose in respect of the right of inheritance of real estate once owned by one of a group of children born out of wedlock to residents of the Grand Duchy of Hesse. At the time the issue arose non-resident aliens could not succeed to the title to real property in this State, but they had by statute a right to make effective transfer of it and could give valid title. One of this group of illegitimates had emigrated to America and had acquired real property here of which he died seized. His title was held to have devolved upon another of the group of illegitimates who also had emigrated to America and who was resident here at the time of the death of his " brother." When this heir of the first intestate died there were living in the Grand Duchy of Hesse three other illegitimate children of the same couple. These persons asserted the right to dispose of the real property by deed. They undertook to do so, and the question presented was whether or not the deed executed by their attorney in fact conveyed good title. It is necessary to digress to say that long after the illegitimates had become adult their progenitors had attended at a public office pursuant to the laws of the Grand Duchy and had there entered into a ceremonial marriage and had accompanied that act by a further act of legitimation in which they declared respectively that they had engendered each of seven children and that they recognized them as their legitimate offspring. That act of legitimation and that act of marriage was held in the Court of Appeals to have established the

legitimacy of the offspring for all purposes and that court held that this State would recognize the status of legitimacy thus acquired by the foreign residence of the alien owners. The discussion of the question of legitimacy in the opinion in the General Term emphasizes the fact that a statutory construction of subdivision 9 of section 2732 of the Code of Civil Procedure had been made by the General Term. That court said that the children were all of them illegitimates under the laws of this State despite the later marriage of their parents and despite the act of legitimation. It followed, of course, that the deed of the non-resident alien illegitimates could be validated only if they had rights of inheritance. To reach a result which gave the non-resident aliens those rights the General Term had to find that subdivision 9 of section 2732 of the Code of Civil Procedure was applicable to and conferred rights upon illegitimate issue of a common mother.

The General Term said on this subject (p. 192): " The brothers and sister of the intestate were his nearest relatives and his only relatives on the part of his mother." The last phrase of this sentence is in the precise language of the statute. Thus it appears that the court deliberately gave a construction to the statute which makes illegitimates born of a common mother relatives " on the part of the mother " whenever a question of status as distributee is involved.

In *Schult* v. *Moll* (132 N. Y. 122) the Court of Appeals cited with approval the General Term report in *Bollerman* v. *Blake* (*supra*) on the question of an illegitimate's right of inheritance. In this later case a testator had formed an alliance with a woman who had been divorced by her husband and who had been forbidden in the decree to remarry. Out of this union with the testator there was born to this woman a child who was referred to in the will of deceased as his daughter. Her status as an illegitimate is assumed in the opinion. In the same household was a legitimate child who was issue of the theretofore dissolved marriage of the mother of the illegitimate. She is referred to in the will as an adopted daughter of the testator. The will gave one-third of the real estate to this so-called " adopted " daughter, who was in fact not of the testator's blood at all; gave one-third of the real estate to the illegitimate child born to the woman with whom testator lived, and gave to this woman described as " wife " the remaining one-third. The so-called " wife " died a few months after the testator. The illegitimate died about a year thereafter. The question of title with which the case chiefly concerns itself is a question whether the will gave to the so-called " wife " a one-third interest in fee. That is not important here, but what is of importance is the fact that in its opinion the court deals with the rights of the illegitimate in the following language: " If Babetta [the wife] acquired under the

will the fee of an undivided one-third, upon her death such one-third descended to her daughters Wilhelmina [the legitimate] and Catherine [the illegitimate], in equal shares, each of whom thereupon became vested with the undivided one-half of such real estate and upon the death of Catherine [the illegitimate] her undivided one-half [passed to her half-sister Wilhelmina [the legitimate] who thereupon became seized in fee of the whole of said premises." (Italics and brackets supplied.)

In support of the conclusion thus stated by the court it cited (p. 125) 1 Revised Statutes, 753, section 14, and chapter 547 of the Laws of 1855, as well as Bollerman v. Blake (24 Hun, 187). The section of the Revised Statutes referred to says: " In case of the death, without descendants, of an intestate who shall have been illegitimate, the inheritance shall descend to his mother; if she be dead, it shall descend to the relatives of the intestate on the part of the mother, as if the intestate had been legitimate." The cited chapter of the Laws of 1855 says: " § 1. Illegitimate children, in default of lawful issue, may inherit real and personal property from their mother as if legitimate; but nothing in this act shall affect any right or title in or to any real or personal property already vested in the lawful heirs of any person heretofore deceased." It is notable that the text of the Revised Statutes uses the phrase " the relatives of the intestate on the part of the mother "— the substantial equivalent of the text now used in subdivision 7 of section 83 of the Decedent Estate Law. It is apparent that in the passage of title from the illegitimate in the Schult v. Moll case (supra) to the legitimate issue of a common mother there was involved necessarily a finding of a relationship of sister between the legitimate and the illegitimate. The only parent common to the two daughters being the deceased mother, the relationship of sister thus ascertained must be a relationship " on the part of the mother " within the meaning of the Decedent Estate Law.

In Heller v. Teale (216 Fed. 387) a District Court of the United States said: " The provisions of the statutes as interpreted by the courts of New York make all those who would inherit or receive property, through the lines of descent and distribution, by a relationship established on the part of the mother of the decedent, competent and entitled to receive the property to the same extent and by the same channels of inheritance as if the deceased had been a legitimate child " (p. 399). To the same effect see Matter of Lutz (43 Misc. 230) and Matter of Anonymous (165 id. 62).

Under the authorities quoted, petitioners are adjudged to be relatives of the deceased on the part of his mother and are held entitled to distribution of the fund in the city treasury.

Submit, on notice, decree accordingly.