Judge Marshall
delivered the Opinion of the Court.
In November, 1828, John Davis made and executed his will, by which, after directing his debts to be paid out of his personal estate, he devised the tract of land on which he then resided, containing one hundred and twenty seven acres, to his. son William Davis, to him a'nd his heirs forever. He proceeds then to give to four others of his children and the heir of a deceased child, nominal legacies, and then, bequeathing to eight daughters, not before named, all the rest and residue of his estate real and personal; mentions four sons, not before named, to whom he says he bequeaths nothing, because, he had theretofore given them the portions intended for them; and appoints his son William his executor.
In a short time after the date- of the will, William, the executor and devisee, died, before the testator, leaving a widow and several children: upon which, the testator added a codicil to his will, in which he states the death of his son William, who had been appointed his executor, and appoints another son executor “to the above mentioned will;” and in case pf his death, or refusal to act, appoints a third son “executor to this my last will and testament.” This codicil, which bears date in April, 1829, was, like the will itself, signed and sealed in the presence of two subscribing -witnesses. The will and codicil were proved in November, 1829.
In 1834, A. T. Taul and wife — the latter being one of the residuary devisees named in the will — brought this suit in Chancery, for a partition of the land devised to William Davis, on the ground that the devise-had lapsed by his death before that of the testator. The heirs of William Davis, and all other heirs of John Davis, the testator, were made defendants. And, on hearing, the *52 Court decreed a partition, as prayed for, excluding therefrom those of the testator’s sons who are stated in the will, to have received their portions by previous advancements, and assigning to the heirs of William, collectively, only the share of one heir of the testator.
A devise, or legacy, lapses, by the death of the devisee or legatee in the lifetime of the testator — of necessity; for where there is no devisee or legatee, there can be no devise or legacy: the enquiry, therefore, generally is, whether the will gives the estate, upon such contingency, to any other person.
Where a devise is ‘to A. and his heirs,’ or a legacy is ‘to A. and his executors,’no other intention is indicated, than that A. shall take an interest transmissible, at his death, from him, to his heirs or executors;and as this cannot be if he dies in the lifetime of the testator — if there is no provision 'in the will for that contingency —there will be, in fact, no devise or bequest.But— Where it is plain that, the testator intended, that the heirs or ex ors of the devisee or legatee should take the bequest in ease of his death before it vested in him, it will not lapse: the heirs or executors will take it — not as such, but directly from the testator. So ■
*52 To this- decree, from which the defendants to the suit have appealed,- several objections are made, which present serious and important questions. But the principal one is, whether the devise of the land to William Davis and his heirs,, should be deemed to have lapsed by the death of William, in the lifetime of the testator; and this question alone-will be now considered.
■\ The rule or principle that a devise or legacy lapses by the death of the devisee or legatee in the life of the testator, although acknowledged to be frequently productive of great hardship, and to be often contrary to the intention of the testator, is too firmly established to be now questioned. It is indeed a rule of necessity; and merely amounts to this, that if there be no devisee or legatee, there is,, in effect, no devise. The question,, therefore, generally is, whether there is any one or more appointed by the will to take in case of the death of the first devisee or legatee in the life of the testator, and whether the person or persons so appointed can, on that 'contingency, take in the manner intended by the will. -
It has been decided, and seems to be the settled law, that if a devise be to A. and his heirs,.or a legacy to ‘A. and his executors,’ the addition of the words “Heirs or Executors” shows no other intention but that the heirs or executors shall take by descent or representation from A., and, as this cannot be, unless A. himself take an interest (which he cannot do until the death of the testator,) that if he die before the testator, his heirs or executors can never take as such, and that, therefore, the devise or legacy must lapse, because there is not, and can never be, any person to take it under the will. 1 Roper on Legacies, 320 — 321, and cases there cited. In^ such cases, the intention is manifest, that A. shall take an j interest transmissible to his heirs or executors, and by the j death of A. that intention is evidently frustrated; but as no / other person is appointed to take, unless A. first takes the Í interest intended for him, there is an end of the devise.^
Held,that where a testator, who had devised land to his son and his heirs, and appointed him executor, after the son s death, added a codicil— which must be taken as part of the will, and as giving it the date of the codicil— in which he refers to the death of his son, and, without making any other disposition of the land, appoints otlier executors— the intention that the son s heirs should take the estate under the will, was sufficiently manifest, and the devise not lapsed.
Heirs may take as purchasers, under a will, by that general appellation.
Every will, or other instrument, shall be so construed that it shall rather stand than fall, if such construction can reasonably be put upon it.
But it has also been decided that, if it clearly appear that the testator intended that the devise or legacy should not lapse by the intermediate death of the person intended to be the first taker, but that his heir or executor shall, in that event, take it, not by descent or succession from him, but immediately under the will, and by the appointment of the testator, it will not lapse, but will go to the heir or executor, as devisee or legatee, under the will. 1 Roper on Legacies, 324 — 5.
The question then is, what is the intention of the testator, and has he so manifested that intention as that it may be carried into effect? and this question is to be «determined by the language and circumstances apparent fon the face of the will. Applying these principles to the present case, it is manifest that, if the will had stood without the codicil, the devise to William Davis must have lapsed, because there was nothing in the will to -show the intention that his heirs should take otherwise than by descent from him. But the codicil was a rep'ublicatio'n of the will, and the whole is to be construed together, as if the will had then been written and executed. And the devise in question is to be taken as if it had contained the recital of the death of William, and had then given to him and his heirs the tract of land mentioned. If this had been the actual form of the devise, there could have been no doubt that the testator intended the heirs of William to take immediately under' the will, as purchasers, ancl not by descent from William, which would have been impossible.
In such case, the devise to William would have been evidently void, and must have- been so understood by the testator, and the only devise would have been to his heirs, who, as has been often decided, might take as purchasers by that general application. And so, as we think, must the present devise when connected with the codicil, be understood. The question is not whether the devise is void by matter subsequent, or unknown to the testator; but whether, upon the face of the will, it is void, because William Davis is there stated to be dead. It is a universal rule, that every instrument shall be so construed as that it shall rather stand than fall, if such *54 construction can reasonably be made. On this ground, and because it is in fact manifest that the' testator did not, at the republication of his will, intend that William should take first, and that his heirs might take after him; but that, if he intended the devise to be effectual at all, ■which must be presumed, he intended the heirs to take by it, and not by descent from William, and because the language used may, and, under the circumstances, does import such intention, we not only feel at liberty, but feel bound, to construe this as a devise to the heirs of William. As such it was legal, and may and should take effect, as was most certainly intended by the testator.
Wherefore, the decree is reversed, and the cause is remanded, with directions to dismiss the complainants’ bill, with costs.