## MARTIN BEATTY *vs.* LOUIS FISHEL.

In an action on a written lease, to which the defence set up is that the execution of the lease was procured by fraudulent representations as to its contents made at the time of the execution, the burden is on the defendant to prove the fraudulent representations.

CONTRACT for the rent reserved in a written lease of a tenement demised by the plaintiff to the defendant. The defendant alleged that he had been induced to execute the lease by fraudulent representations as to its contents, made by the plaintiff's agent at the time of its execution.

At the trial in the superior court, before *Reed,* J., the execution and delivery of the deed by the defendant were proved. There was evidence that the defendant could not read, and conflicting evidence as to the fraudulent representations. The defendant had never taken possession of the demised premises.

The judge instructed the jury, among other matters, " that the burden was upon the plaintiff to establish the fact that the lease in question was executed and delivered by the defendant under such circumstances as to make it a valid contract, and these circumstances were explained, that when the execution of the lease was proved or admitted, as in this case, if there were no other evidence, that would be sufficient to entitle the plaintiff to recover. He further instructed the jury as to what

misrepresentations at the time of procuring a signature would render a lease invalid, and that, as there was evidence in this case relied on and tending to show such misrepresentations, it must all be considered by them. If they believed such misrepresentations were made, or if they, on the whole testimony, could not say whether the lease had been executed and delivered under such circumstances as to make it a valid contract, as had been theretofore explained, the verdict should be for the defendant."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. P. Treadwell,* for the plaintiff.

*T. Willey,* for the defendant.

CHAPMAN, C. J. The instruction that the burden was upon the plaintiff to establish the fact that the lease in question was executed and delivered by the defendant under such circumstances as to make it a valid contract, was correct. But the defence set up was that the defendant had been induced by fraudulent representations to execute the lease, and that it was void for that reason. On that point, the instruction was that if the jury believed such representations were made, or if they, on the whole testimony, could not say whether the lease had been executed and delivered under such circumstances as to make it a valid contract, as had been explained to them, the verdict should be for the defendant. We understand this instruction to imply that the burden was on the plaintiff to prove that there were no fraudulent misrepresentations, and not upon the defendant to prove that such misrepresentations were made, and that, if the jury doubted whether they were made, they should find for the defendant.

But the established rule of law is, that fraud is not to be presumed ; and it follows that the burden is on the party who relies upon such a defence to allege and prove it. *Stewart* v. *Thomas,* 15 Gray, 171. It is also held that when a will has been executed, and the probate is opposed on the ground that it was executed under undue influence, the burden of proof is on the party alleging this influence. *Baldwin* v. *Parker,* 99 Mass. 79,

The principle applicable to both cases is the same. **The jury** should have been instructed in this case that the burden was on the defendant to prove the alleged misrepresentations.

*Exceptions sustained.*