CHARLES KIMBALL *vs.* JOHN P. STORY & others.

A residuary devise and bequest to "J. S., his heirs, executors, administrators and assigns,' lapses by his death before the death of the testator, unless it falls within the Gen. Sts. c 92, § 28.

A step son of a testator is not a relation of his, within the provision of the Gen. Sts. c. 92, § 28, which saves from lapsing any devise or bequest made to a child or other relation of a testator, who dies before the testator's death.

Kimball *v.* Story.

The facts that a testatrix called her step son her son, in a bequest to him, his heirs, executors, administrators and assigns, long lived with him as such, and derived from his father a considerable part of the property so bequeathed, do not prevent the legacy from lapsing in event of his death before hers.

BILL IN EQUITY filed by the administrator with the will annexed of Helen M. Johnson, against her brother John P. Story, and another brother and two sisters of hers, who were her next of kin and heirs at law ; and against William Johnson, who was the only child of William B. F. Johnson, her step son ; to obtain a construction of the residuary clause of her will, which was as follows : " All the rest of my estate, real, personal or mixed, of which I shall die seised and possessed, I give, devise and bequeath to my son, William B. F. Johnson, his heirs, executors, administrators and assigns."

The bill alleged that William Johnson (a grandfather of the William Johnson above named) married Phœbe Johnson on July 8, 1827, and had as sole issue of the marriage William B. F. Johnson, born June 26, 1833 ; that said Phœbe died October 16, 1834, and on August 18, 1836, he married the testatrix ; that of this marriage there was no issue, and he died September 5, 1837 ; that the testatrix never married again, and thereafter she and said William B. F. Johnson lived together as step mother and step son, during the greater part of the time until March 9, 1870, when said William B. F. died ; that on July 24, 1866, the testatrix made her will, which, after certain specific bequests, including legacies to her said brothers and sisters, appointed said William B. F. executor, and contained the residuary clause above quoted ; that she died November 11, 1870, and this will was duly proved in December 1870 ; that she died seised of real estate of the value of $200, and possessed of personal property of the value of $7945.01, a considerable part of all which was derived by her from her late husband ; that said William B. F. Johnson was married some years before his death, and had as sole issue of his marriage one son, the defendant William Johnson, born February 7, 1869 ; that " Elizabeth H. Johnson, the lawful guardian of said William Johnson, the only living child of the residuary devisee named in said will, claims that said devisee was a relation

of the testatrix, and that by virtue of the Gen. Sts. *c.* 92, § 28,* he is entitled to all the estate devised to his father, William B. F. Johnson, and the whole amount of the personal estate bequeathed to him should be transferred and paid by the administrator to his said only child;" but that "said brothers and sisters and next of kin and heirs at law of the testatrix claim that said William B. F. Johnson was not a relation of her within the meaning of said statute, and all that part of her estate which is devised to him by the will is intestate estate, and the administrator should transfer and pay to them in equal shares all the personal estate so devised or bequeathed;" wherefore the bill prayed for a determination of the validity of these conflicting claims, and for instructions to the plaintiff as to the administration of the portion of the estate in dispute.

The answers admitted all the substantial allegations of the plaintiff; and the case was reserved by *Ames,* J., on the bill and answers, for the determination of the full court.

*T. L. Wakefield,* for the child of William B. F. Johnson.

*J. W. Perry,* for the brothers and sisters of the testatrix.

GRAY, J. The general rule, prevailing in equity as at law, that if a legatee dies after the making of the will and before the death of the testator, the legacy lapses, is not affected by the insertion, after the name of the legatee, of the words "his heirs, executors, administrators and assigns," unless a declaration that the legacy shall not lapse is superadded; for those words, according to their uniform and well established interpretation, only express the intention of the testator to pass the absolute property in the estate, real or personal, to the legatee; "heirs, executors and administrators," taking by representation only, cannot be entitled to anything to which the person whom they represent never had any title; and when the word "assigns" is also used, any other construction would make the bequest inconsistent and uncertain, inas-

---

* "When a devise of real or personal estate is made to a child or other relation of the testator, and the devisee dies before the testator, leaving issue who survive the testator, such issue shall take the estate so devised in the same manner as the devisee would have done if he had survived the testator; unless a different disposition thereof is made or required by the will."

much as " assigns " could only be those to whom the legatee had conveyed in his lifetime, while " heirs, executors and administrators " could take only by succession by reason of his death. *Sibley* v. *Cook*, 3 Atk. 572. *Maybank* v. *Brooks*, 1 Bro. Ch. 84. *Gittings* v. *McDermott*, 2 Myl. & K. 69. *Shuttleworth* v. *Greaves*, 4 Myl. & Cr. 35. *In re Porter's Trust*, 4 Kay & Johns. 188. *Ballard* v. *Ballard*, 18 Pick. 41. *Dickinson* v. *Purvis*. 8 S. & R. 71. *Wright* v. *Trustees of Methodist Episcopal Church*, Hoffm. Ch. 202. *Davis* v. *Taul*, 6 Dana, 51.

In the cases of *Gittings* v. *McDermott*, *Porter's Trust*, and *Wright* v. *Trustees of Methodist Episcopal Church*, the legacy was sustained solely because it was in the disjunctive to the legatee named " or his heirs ; " and in *Davis* v. *Taul*, because the original legacy to him " and his heirs " had been reaffirmed by a codicil made after his death, and showing upon its face that his death was known to the testator.

The only exception, created by statute, to the general rule, is where a devise or bequest is made " to a child or other relation of the testator ; " and includes only relations by blood, and not connections by marriage, even a husband or wife. Gen. Sts. *c.* 92, § 28. *Paine* v. *Prentiss*, 5 Met. 396. *Esty* v. *Clark*, 101 Mass. 36. *Dickinson* v. *Purvis*, 8 S. & R. 71.

The necessary conclusion is, that, the legatee being only a step son of the testatrix, the legacy lapsed by his death. To hold otherwise would be to allow the general rules of law as to the construction and effect of wills to be defeated by a conjecture of what the testatrix might have intended if she had contemplated the contingency (which there is nothing to show that she did) of the legatee's dying before her, and thus to make a new will for the purpose of carrying out a presumed intention not expressed as the law requires.

The facts that the testatrix called the legatee her son and had long lived with him as such, and that a considerable part of the property bequeathed to him had come to her from his father, cannot affect her absolute power to dispose of her property, or the rules of law by which her testamentary dispositions are to be governed. *Decree for the heirs at law and next of kin.*