THE SUPREME COUNCIL OF THE ORDER OF CHOSEN
FRIENDS

*v.*

MARTHA C. BENNETT et al.

1. A person by becoming the complainant in an interpleader suit and prosecuting his suit to a decree, requiring the defendants to interplead, cuts himself off, by his suit and decree, from any right which he has in the property which is the subject of his suit.

2. The phrases "related to," "relations" and "next of kin," whether used in a statute, will or contract, include only relations by blood, and not connections by marriage.

_____

On hearing pursuant to a decree that the defendants interplead and settle their rights, in this court, to the fund brought into court by the complainant.

*Mr. Samuel Kalisch*, for Martha C. Bennett.

*Mr. Charles E. Hill*, for Alonzo Van Riper and others.

VAN FLEET, V. C.

The litigants now before the court are the defendants to this suit. The suit was commenced by bill of interpleader. A decree having heretofore been made directing the defendants to interplead in this court, they are now before the court demanding judgment as to which of the two sets of claimants is entitled to the fund in controversy. The hostile claimants are Martha C. Bennett on the one side, and Alonzo Van Riper, Peter Van

Riper and Adaline Marshall on the other. The three last named were children of Alonzo Van Riper, senior, deceased. The fund in dispute is $2,000. This sum became payable by the death of Alonzo Van Riper, senior. He died in February, 1888. At the time of his death he was a member of the Supreme Council of the Order of Chosen Friends. This is a charitable or benevolent corporation organized under laws of Indiana. One of the objects of its organization was, as its articles of association declare, to establish a relief fund from which members, who have complied with all its rules and regulations, or persons by such members lawfully designated, or the legal heirs of such members, may receive a benefit in a sum not exceeding $3,000. The articles of association provide, that this benefit shall become payable either on the death of a member, or when he reaches seventy-five years of age, or when he shall, in consequence of disease or accident, become permanently disabled from following any occupation. Alonzo Van Riper, senior, died before he reached the age of seventy-five years, and also before his benefit became payable to himself in consequence of his disability. If his benefit became payable at all, it became so by reason of his death. Under the by-laws of the corporation, each member has power to designate to whom his benefit shall be paid on his death, provided he designates a person related to or dependent upon him. But a designation by a member of a person to take his benefit on his death does not cut off the member's right to the benefit in case he subsequently attains the age of seventy-five years or becomes permanently disabled. And a member may change his beneficiary as often as he sees fit, provided he selects a person related to or dependent upon him. The method which a member must pursue in effecting such change, is to surrender the relief fund certificate previously issued and ask that a new certificate be issued in the name of the new appointee. The by-laws also provide, that if the beneficiary designated by a member shall die before the member, and no subsequent disposition of the benefit be made, the benefit shall, in that case, be paid, on the member's death, to his heirs dependent upon him; but if there be no person entitled, by the laws of the corpora-

tion, to receive the benefit, it shall, in that case, revert to the ·corporation.

The first beneficiaries appointed by Alonzo Van Riper, senior, after he became a member of the corporation, were his two sons, Alonzo and Peter. He afterwards, in December, 1887, surrendered the certificate in which his two sons were named as his beneficiaries, and procured a certificate to be issued in which his grandson, Raymond Van Riper, was appointed his beneficiary to the extent of $1,000, and Martha C. Bennett in the sum of ·$2,000. Mrs. Bennett is, called in the certificate his grandniece, but she was not, in fact, related to him in any degree by blood. She was the wife of his nephew, so that the only relationship existing between them was that of affinity. There were no ties of blood between them. On the death of Alonzo Van Riper, senior, hostile claims were asserted to the $2,000. His ·children claimed the whole of it to the exclusion of Mrs. Bennett, and Mrs. Bennett asserted a like claim as against the ·children. She attempted to enforce her claim by a suit at law against the corporation. It was when affairs reached·this state that the corporation sought the protection of this court by filing a bill of interpleader and paying the fund in dispute into court.

By becoming the complainant in an interpleader suit and prosecuting such suit to a decree, requiring the defendants to interplead and settle among themselves the conflicting claims which they make to the fund in controversy, the complainant ·corporation ,has effectually extinguished any right which it might otherwise have asserted to the fund in litigation. Hence, it is wholly unnecessary to consider whether the complainant might not, by force of the by-law last recited, have asserted a right to the fund in question worthy of very careful consideration, if it be true, as is contended, that Mrs. Bennett was incompetent to become the beneficiary of Alonzo Van Riper, senior, and if it also be true, as it seems to be, that Mr. Van Riper died ·without leaving any person dependent upon him who stood to him in the relation of his heir. The complainant having effect-·ually cut itself off from all right to assert a claim to the fund in dispute, by the position which it has voluntarily assumed in

this litigation, the only duty now devolving on the court—-
indeed, the only thing the court can do in the present posture of
the case—is to decide whether the fund belongs to Mrs. Bennett
or to the other three claimants. The fund must be awarded to·
the one or the other.

The question, which of the two conflicting claims is entitled to·
prevail in this contest, must be decided by the contract which·
Alonzo Van Riper, senior, made with the complainant corporation.
That contract is to be found in the complainant's articles of asso-
ciation, its by-laws and the relief fund certificate issued to Mr..
Van Riper. The articles of association declare, it will be remem-
bered, that one of the purposes for which the corporation was·
created was to establish a relief fund for the benefit of members,.
or such persons as might be lawfully designated by members, or·
the legal heirs of members. It thus appears that the money in
dispute constitutes a part of a fund which was established for the·
benefit of three distinct classes of persons, namely, members,
persons designated by members, and the heirs of members. The·
fund having been established for the benefit of the persons·
embraced within these classes, and for no others, each part of the·
fund must, as it becomes payable, be paid, according to the plain·
letter of the contract, to one or more of such persons. No other
person can acquire a right in the fund, and an attempt by a
member to give any other person a right in it must be treated as·
an attempt to make a misappropriation. Whether or not any
part of the relief fund can be diverted from those for whose benefit·
it was established, where both the member and the corporation
consent to a diversion, is not a question which this case presents·
for decision, for the certificate issued to Mr. Van Riper in favor·
of Mrs. Bennett shows, on its face, that the corporation issued·
it upon a representation that she was related to Mr. Van Riper·
as niece. The corporation undoubtedly accepted that representa-
tion as true, and its act, therefore, in issuing a certificate in favor·
of Mrs. Bennett, cannot be regarded as a consent by it that any·
part of its relief fund should be paid to a person not related to·
or dependent upon a member; on the contrary, it is obvious,.
that the corporation issued the certificate under the belief that.

Mrs. Bennett was qualified to be Mr. Van Riper's beneficiary by. reason of her relationship to him.

Mrs. Bennett's claim is founded on a designation regularly made. She is the person whom Mr. Van Riper appointed to be his beneficiary of the fund in dispute. If she stood, when the appointment was made, in such a position towards Mr. Van Riper as to qualify her to become his beneficiary, there can be no doubt that the fund must be awarded to her. And that. brings us to the test question of the case : Was she so qualified ?' Each member of the complainant corporation has a power of appointment over that part of the relief fund which may become payable by his death, but his power in this respect is not un-limited. He cannot dispose of it as he sees fit, nor exercise an unfettered choice in selecting a beneficiary, but must appoint a person related to or dependent upon him. Such is the plain and positive requirement of the by-laws. They constitute an essential part of the contract, and as they alone define what qualifications a person must possess in order to be competent to be a beneficiary, their requirements must necessarily be adopted as the standard by which all questions of capacity must be determined. It is not claimed that Mrs. Bennett was, at any time, dependent upon Mr. Van Riper, so that whatever right she has to the fund in question rests solely upon her claim of relationship to him. That is not sufficient, in my judgment, to sustain her claim. The phrases " related to," " relations " and " next of kin," whether used in a statute, will or contract, have, by a perfectly uniform course of decision, been held to include only relations by blood, and not connections by marriage, not even a husband or a wife. *Bac. Ben. Soc.* § *260 a* ; *2 Wms. Ex.* (*6th Am. ed.*) *1118 bottom* ; *Esty* v. *Clark, 101 Mass. 36* ; *Kimball* v. *Story, 108 Mass. 382.* In *Jarman on Wills* it is said : "A gift to next of kin or relations does not, of course, extend to relations by affinity, unless the testator has subjoined to the gift expressions declaratory of an intention to include them." *2 Jarm. Wills.* (*R. & T.'s ed.*) *666.* Nothing can be found in the contract, under which the fund now in dispute became payable, which will support a finding that the words "related to" were used in a broader

or different sense from that which the law imputes to them. On the contrary, when we consider that the principal object of the corporation, in establishing a relief fund, was to enable its membership to protect either themselves or those dependent upon them from want, in case of old age, disability or death, it would seem to be entirely clear, that a person not of the blood of a member, but merely connected by affinity, is as plainly outside of the object of the corporation as he is outside of the letter of the contract.

In my judgment, Mrs. Bennett did not possess the qualifications necessary to enable her to become the beneficiary of Mr. Van Riper. An unauthorized or invalid appointment is a mere nugatory act, so that, in legal estimation, Mrs. Bennett's claim stands precisely as it would if no attempt had been made to make her a beneficiary. In this situation of affairs, the fund in dispute must be awarded to the other claimants. They are the heirs of the deceased member, and, as such, constitute one of the classes of persons for whose benefit the money in question was raised.

A decree will be made directing that the fund be paid to them.