DORMENIO HALL *vs.* HAMILTON H. RYDER.

Plymouth.    October 22, 1890. — November 28, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Landlord and Tenant — Use and Occupation — False Representations —*
*Rescission.*

An action lies for the use and occupation of real estate under a parol agreement, which the defendant has not rescinded or attempted to rescind, although induced by false representations on the part of the plaintiff.

CONTRACT for use and occupation. Trial in the Superior Court, before *Bishop,* J., who allowed a bill of exceptions, in substance as follows.

The defendant set up that she was induced to agree to hire the building and rooms by false and fraudulent representations made to her by the plaintiff, and that she suffered great damage thereby, exceeding the amount of the rent agreed upon; she testified that she had continued in occupation of the premises to the time of the trial, and was still in the occupation of them.

The defendant asked the judge to instruct the jury, that, if she was induced to make the agreement by any false representations, or by any fraud on the part of the plaintiff, then the plaintiff could not recover. The judge declined so to instruct the jury, but instructed them that, if they found the defendant made the agreement which the plaintiff claimed, and was induced to do so by any false or fraudulent representations made to her by the plaintiff, they should deduct the amount they found she had suffered thereby, if less than the amount due to the plaintiff from the defendant, and bring in a verdict for the plaintiff for the difference; but if the amount of damages sustained by the defendant through any such false or fraudulent representations was more than the amount due the plaintiff, they should return a verdict for the defendant.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*E. L. Barney,* for the defendant.

*H. Kingman,* for the plaintiff.

FIELD, C. J.   The defendant has not rescinded the contract, nor attempted to rescind it.   The presiding justice properly refused to rule as requested.   See *Milliken* v. *Thorndike*, 103 Mass. 382, 386.                        *Exceptions overruled.*