# Matter of Estate of Jane Duncan Olds, Deceased.

(Surrogate's Court, Kings County, June, 1917.)

Wills — provisions of — construction of " and to their heirs."

> A will provided: "And upon the death of both of them I give and devise the remainder in all my said real estate to my said nieces Jessie Olds and Mollie Olds, and to their heirs, the said heirs to take *per stirpes* and not *per capita*, to be divided equally between them, share and share alike." Mollie Olds died before the testatrix. *Held*, that the words " and to their heirs " will be construed to mean, that upon the death before the death of the testatrix of either of the first named devisees in remainder there is a gift to such persons as shall fulfill the character of heirs of the deceased devisees to be enjoyed by such pers ns, not by virtue of their heirship, but solely by virtue of the designation and direction of the will.

Proceeding upon the construction of a will.

Wingate & Cullen, for petitioner.

Todd & St. John, Myles Purvin and Cyrus S. Jullien, for heirs at law and next of kin.

Ketcham, S. In the will requiring construction there is a gift of decedent's real estate for life and a gift in remainder, as follows: "And upon the death of both of them I give and devise the remainder in all my said real estate to my said nieces, Jessie Olds and Mollie Olds, and to their heirs, the said heirs to take *per stirpes* and not *per capita*, to be divided equally between them, share and share alike." Mollie Olds, named in the language quoted, died before the death of the testatrix. In the foregoing quotation are the words commencing with " and to their heirs " words of limitation defining the nature of the estate intended for the devisees named, or do they contain a substi-

tutional devise to the persons therein named in the event of death of original devisee before the death of the testatrix? To characterize a devise as a gift of an estate of inheritance, it is only necessary to add to the name of the devisee the words " and his heirs." For the purpose, this expression is perfection. Any phrase subjoined to it must at once prompt inquiry as to whether the addition is indicative of a purpose separable from any intent as to the heritable quality of the original gift. The language under construction ·must, if possible, be given a significance of its own, and it can have none unless it shall carry the mind beyond the concept contained in the words " and to their heirs." In this will there are several suggestions that the words in question are intended only to work a substitutional gift, but the real accent of the instrument is contained in the provision that the persons therein described as heirs are not to take in the manner and proportion of heirship, but in a way which might, in one event at least, be inconsistent with the Statute of Descents. If the persons are called heirs only for the purpose of identification, then any expression which prescribes for them an estate, which might be inconsistent with heirship, not only forbids a testamentary purpose to describe the nature of the estate in the first named devisee, but clearly intimates an intention to give to the persons mentioned as heirs an estate in their own independent right. Heirs who take " per stirpes " and " equally share and share alike " do not take as heirs. Whatever may become theirs will come to them from the testator and not through the heritable relation which they bear to the first named devisee. Under various conditions heirs do not take either per stirpes or equally. Decedent Estate Law, § 88, subd. 4, 5. It would be reckless to believe that the mind which framed this will con-

Surrogate's Court, New York County, June, 1917.   [Vol. 100.

sidered the section cited, or indeed, had any under-standing of the words which were employed, but the task remains of determining what the testator meant by these words.  It is enough for the present solution that the will cannot be made to mean that the estate of the so-called heirs was to be derived by heirship from the devisees named.  Hence, the only manner by which the expression in dispute can be satisfied is by a construction that, upon the death before the death of the testatrix of either of the first named devisees in remainder, there is a gift to such persons as shall fulfill the character of heirs of the deceased devisees, to be enjoyed by such persons not by virtue of their heirship, but by virtue solely of the designation and direction of the will.  In this case there is but one heir in whom the devise to Molly Olds has vested.

Decreed accordingly.