Matter of the Petition of WILLIAM E. REYNOLDS for a Judicial Construction of the First Paragraph of the Last Will and Testament of AMANDA C. REYNOLDS, Deceased.

(Surrogate's Court, Delaware County, December, 1919.)

Wills — construction of — meaning of words " heirs and assigns " — Statute of Descent.

The words " his heirs and assigns " in a will are used to describe the nature of the estate given to the beneficiary, not to express an intention that a lapse should be avoided by the substitution of the heirs in place of the predeceased devisee or legatee.

Where testatrix made a devise to her stepson and to his heirs and assigns forever and he dies before her, the devise lapses and the property included therein passes under the Statute of Descent to the heirs at law of the testatrix.

PROCEEDING for the judicial construction of the 1st paragraph of the last will and testament of Amanda C. Reynolds, deceased, under section 2615 of the Code of Civil Procedure.

The testatrix, Amanda C. Reynolds, died a resident of the town of Roxbury in the county of Delaware on or about the 29th day of November, 1914. Her last will and testament was duly admitted to probate by the Surrogate's Court of the county of Delaware on the 15th day of February, 1915. Amanda C. Reynolds was survived by two sons, Charles F. Reynolds and William E. Reynolds, both of whom were named as executors of said last will and testament, and one of whom, William E. Reynolds, is the petitioner herein.

The 1st paragraph of the will of testatrix provided as follows: " *First.* I give, devise and bequeath to my stepson, George H. Reynolds, an equal undivided one-

Surrogate's Court, Delaware County, December, 1919.   [Vol. 109.

third interest in the dwelling-house and lot owned and occupied by me in the village of Roxbury, Delaware County, New York, and to his heirs and assigns forever.''

George H. Reynolds, the beneficiary named in the 1st paragraph of said will, was a stepson of testatrix and died on or about the 21st day of March, 1912, prior to the death of the testatrix. The will in question was executed on the 7th day of June, 1911. George H. Reynolds left him surviving a widow and one son, Dumond Reynolds, an infant of the age of about eleven years at the time of the death of said George H. Reynolds. The sons of the testatrix, Charles F. Reynolds and William E. Reynolds, the Order of the Golden Seal, a party having an interest herein, having succeeded to some of the rights of the said William E. Reynolds and Charles F. Reynolds, Minnie Reynolds, the widow of George H. Reynolds, and Dumond Reynolds, the infant son, are all parties to the proceeding.

Upon the return of the citation herein, Hamilton J. Hewitt was duly appointed special guardian for the infant son, Dumond Reynolds.

The petitioner contends that under the first clause of the will of testatrix, the devise to George H. Reynolds lapsed and as to the property therein mentioned the testatrix died intestate. The special guardian contends that under the first clause of said will the infant son of the devisee therein named succeeded to his rights under the 1st paragraph of said will.

Ives & Craft (C. R. O'Connor, of counsel), for petitioner.

Hamilton J. Hewitt, special guardian for Dumond Reynolds, infant.

McNaught, S.   In proceedings involving the construction of wills certain fundamental principles must always prevail.   The manifest intention of the testator and not any rule of construction must govern when they come in conflict.   *Miller* v. *Gilbert*, 144 N. Y. 68; *Matter of James*, 146 id. 78.

All rules are subordinate to the primary canon of construction that the intent to be collected from the whole will must prevail.   *Matter of Brown*, 154 N. Y. 313; *Goebel* v. *Wolf*, 113 id. 405.

It is also a presumption in the construction of wills that the testator did not intend to die intestate as to any portion of his property and that construction is to be preferred which will prevent total or partial intestacy.   *Schult* v. *Moll*, 132 N. Y. 122; *Kalish* v. *Kalish*, 166 id. 368; *Mills* v. *Tompkins*, 110 App. Div. 212.

It is a well-established principle of law that no testamentary gift or devise can vest in the beneficiary until the death of the testator.   *Matter of Wells*, 113 N. Y. 396.

Bearing in mind all of these fundamental principles we pass to a consideration of the construction of the will in question.

The special guardian contends that by the use of the words " and to his heirs and assigns forever " in the 1st paragraph of the will under consideration, the testatrix intended to and did provide that in the event of the death of George H. Reynolds, the beneficiary named in such paragraph, the devise and bequest to him should pass to his heirs and, therefore, the infant son, Dumond Reynolds, is entitled to the devise and bequest to his father, George H. Reynolds.   The words in question do not seem to the court to warrant the construction contended for by the special guardian. The words " his heirs and assigns " are the usual

Surrogate's Court, Delaware County, December, 1919.      [Vol. 109.

technical words of conveyance granting an estate in fee simple. They are unnecessary, but when used in wills or deeds, such is their meaning. They are merely words of limitation used to describe the nature of the estate given to the beneficiary and not to express an intention that a lapse should be avoided by the substitution of the heirs in place of the predeceased devisee or legatee. *Matter of Wells,* 113 N. Y. 396; *Horton* v. *Earle,* 162 Mass. 448; *Matter of Tamargo,* 220 N. Y. 225, 230.

In *Matter of Wells, supra,* the Court of Appeals said: " In *Corbyn* v. *French* (4 Ves. 418, 435) the master of the rolls (Lord Alvanley) said: 'A testator is never to be supposed to mean to give to any but those who shall survive him, unless the intention is perfectly clear.' Such an intention cannot be said to be made clear by the addition of the word ' heirs ' for that is a word of limitation, used to describe the nature and duration of the estate given, and, as Mr. Jarman observes in his valuable work (vol. 1, chap. 11), the doctrine of lapse ' applies indiscriminately to gifts with and without words of limitation.' "

It can hardly be said that the intention is made clear by the addition of the words in question here. It has been a long established rule of construction that the word " heirs " as used by the testatrix is a word of limitation and that it and kindred words can serve no purpose other than to describe the nature and extent of the estate given, and the doctrine of lapse applies indiscriminately to gifts with or without words of limitation.

Under the rule in *Shelley's* case, it is clear the words " heir, heirs and lawful heirs " and similar expressions may be used in two senses; *first,* to describe the estate or interest given; *second,* the persons who are to take. When used in the first sense they are words of limita-

tion describing the estate given and not the persons who are to take; for instance, a gift to "A and his heirs" is simply a gift of the fee to A, for if A dies before the testator the heirs of A do not take.

An illustration of the second sense in which the words may be used is a gift to "A and if he should die, then to his heirs," the word "heirs" clearly describing the persons who take in case A dies before the testator. A certain method to prevent lapse is thus made plain. It is known as substitution and gifts are said to be substitutional when provision is made for some one to take the gift in the event of the death of the original beneficiary before the death of the testator.

In the clause under consideration, it cannot be successfully contended that such a provision was made, for the language used taken as a whole "was an expression consistent with the gift of an absolute ownership, but in no wise indicative of a direction to transfer the part given to a legatee to his heirs or personal representatives, in the event of his failing to survive the testatrix." *Matter of Wells, supra.*

Section 29 of the Decedent Estate Law has no application, as the devisee George H. Reynolds was not a child or other descendant of the testator or a brother or sister of the testator, so the devise in the 1st paragraph was not saved from lapsation by the provisions of such section.

The use of the word "assigns" in the clause in question does not signify substitution. To hold that the clause was substitutional and that the heirs of George H. Reynolds took thereunder in his place, the court would have to disregard the word "assigns" as meaningless. The Court of Appeals has so held in *Matter of Tamargo,* 220 N. Y. 225, 229, in which the court said: "The use of the word 'assigns' makes it clear that the gift was absolute and not alternative.

(*Kendall* v. *Clapp*, 163 Mass. 69; *McKiernan* v. *Beardslee*, 72 N. J. Eq. 283; *Jackson, Executor,* v. *Alsop*, 67 Conn. 249; *Keniston* v. *Adams*, 80 Me. 290; *Kimball* v. *Story*, 108 Mass. 382.) In the *Keniston* case, Chief Justice Peters, writing for the unanimous court, said: ' The language here is to assigns as well as to heirs, and the power of assigning implies an absolute title. (Citing authorities.) Even where the gift is to specified persons, ' or their heirs or assigns,' it is clear that the words are words of limitation only. No cases are found which maintain a different doctrine.' (Citing authorities.) In the *Jackson, Executor,* case, the court said: ' Where the word ' assigns ' is added to the word ' heirs,' it is almost impossible to read the whole phrase otherwise than as words of limitation, and not as intended to create an estate in any other person.' (Citing authorities.) In the *Kimball* case the court said: ' When the word ' assigns ' is also used, any other construction (than as taking by representation only) would make the bequest inconsistent and uncertain, inasmuch as ' assigns ' could only be those to whom the legatee had conveyed in his lifetime.' "

In *Matter of Olds,* 100 Misc. Rep. 388, cited by the special guardian, the provision there under construction was very clear and it was manifest from the language used that the heirs of the beneficiaries were to take, such language; after providing for a life estate, reading as follows: "And upon the death of both of them I give and devise the remainder in all my said real estate to my said nieces Jessie Olds and Mollie Olds and to their heirs, the said heirs to take *per stirpes* and not *per capita* to be divided equally between them share and share alike." It was the manifest intention in the *Olds* case from the language used that the heirs were to take. Such is not the case, as the court views it, in the will under consideration.

It is, therefore, the opinion of the court that by the 1st paragraph of the last will and testament of the testatrix Amanda C. Reynolds, the devise therein to George H. Reynolds lapsed by reason of his death prior to the death of the testatrix and the heirs at law of said George H. Reynolds as such are not entitled to any portion of such devise. The testatrix died intestate as to the property included in the devise in the 1st paragraph of her will and the same passes under the Statute of Descent to her heirs at law.

A decree in accordance with this opinion may be prepared, and if not agreed upon may be settled before the surrogate upon two days' notice.

Decreed accordingly.