FIFTY ASSOCIATES *vs.* BERGER DRY GOODS COMPANY, INC.

Suffolk.    October 10, November 6, 1930. — June 1, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Validity of lease, Eviction. *Fraud. Damages,* Mitigation. *Evidence,* Relevancy and materiality, Competency.

In the answer in an action in a municipal court against a corporation for rent alleged to be due for the months of June to October, inclusive, of 1929 under a lease in writing dated in 1925, the defendant set up eviction and that it had been induced to execute the lease by fraud and concealment on the part of the plaintiff of the condition of the premises. At the trial of the action, it did not appear that the lease contained any express provision whereby liability for rent was conditional upon the premises being fit for occupancy. There was no evidence of false representations by the plaintiff of the condition of the premises nor that the defendant vacated the premises prior to June, 1929, though there was testimony that in May of that year it attempted to secure a subtenant. There was evidence that water had come into the basement of the premises for many years before the date of the lease and that, to get rid of the water, there had been installed under a wooden floor there a system of pipes and valves, access to which was by a trap door; that such system would not be visible to an ordinary observer; that brokers who acted for the plaintiff in leasing the property had not told the defendant of the condition in the basement; that water came in in 1925 through the wooden floor and from time to time in the following years; and that the defendant had complained to the plaintiff. The trial judge found "that the defendant vacated the premises for business reasons and not because the premises were unfit for occupancy," and found for the plaintiff. *Held,* that

(1) No provision of the lease that liability for rent was conditional upon the premises being fit for occupancy was to be implied; and, there being no such express provision, the plaintiff was entitled to a finding unless the defendant had established an affirmative defence;

(2) The evidence, if believed, did not require a finding that the condition of the basement could not have been discovered readily by the defendant on examination; and, in the absence of proof of the fact, it was not shown that there was any concealed defect or any condition which should have been made known to the defendant by the plaintiff;

(3) It could not have been ruled properly as matter of law that the defendant had established the defence that it was induced to execute the lease by concealment or nondisclosure of the condition of the leased premises;

(4) Such defence failed for the further reason that the defendant had not proved that he rescinded or attempted to rescind on discovery of the alleged concealment;

(5) A finding of eviction was not required;

(6) There was no error in a refusal to rule that upon all the evidence the defendant was entitled to a finding in its favor.

At the trial of the action above described, the judge rightly refused to rule that the plaintiff owed the defendant a duty to attempt to let the premises in mitigation of damages.

At the trial of the action above described, the judge rightly excluded a record of the sewer department of the municipality in 1922 with respect to a catch basin in front of the leased premises.

Evidence at the trial of the action above described, as to the physical condition of the defendant's president and treasurer and that "the condition of the basement . . . with respect to water and dampness was such as to cause him to be unable to attend to the business of the defendant and that . . . [his] physical condition . . . was one of the causes of the vacating of the premises," rightly was excluded as it did not show any "intentional and wrongful act" on the part of the plaintiff.

CONTRACT for rent. Writ in the Municipal Court of the City of Boston dated November 2, 1929.

Facts appearing at the trial in the Municipal Court are stated in the opinion. The judge found for the plaintiff in the sum of $4,086.45 and interest and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*P. K. Finegold,* for the defendant, submitted a brief.

*W. F. Byrne,* (*W. G. Wellings* with him,) for the plaintiff.

FIELD, J. This is an action of contract brought in the Municipal Court. The declaration is in three counts, each on an account annexed, the first and second for rent from June 1, 1929, to October 31, 1929, under two written leases, dated respectively, June 1, 1925, and April 2, 1925, and the third, as to which there is no dispute, for water rates.

The defendant pleaded a general denial, payment and eviction, and that the plaintiff by fraud and concealment of the condition of the premises induced the defendant to execute the leases. Execution of the leases by the parties, occupation of the premises by the defendant, and non-payment by it of the rent for the period covered by the declaration, were admitted. The trial judge found specifically "that the defendant vacated the premises for business reasons and not because the premises were unfit for occupancy," but made no finding as to the time the premises were vacated, and found for the plaintiff.

The judge excluded certain evidence offered by the defendant and refused to rule as requested by the defendant. He refused to rule that "Upon all the evidence the defendant is entitled to a finding in its favor" and that "The plaintiff owed the defendant a duty to attempt to let the premises in mitigation of damages," and refused to make rulings respecting "concealed defects" and the failure of the plaintiff to make known to the defendant the dangerous condition of the premises, on the ground that these rulings were "not applicable to the facts proved." The questions of law so raised were reported to the Appellate Division, which dismissed the report. The defendant appealed.

1. There was no error in the refusal of the trial judge to rule as requested by the defendant.

It does not appear that either lease contained any express provision whereby liability for rent was conditional upon the premises being fit for occupancy, and no such provision is to be implied. *Foster* v. *Peyser*, 9 Cush. 242, 247. *Stevens* v. *Pierce*, 151 Mass. 207. *Hopkins* v. *Murphy*, 233 Mass. 476. On the admitted facts, therefore, the plaintiff was entitled to a finding unless the defendant has established an affirmative defence. By way of such defences (see *Beatty* v. *Fishel*, 100 Mass. 448; *Milliken* v. *Thorndike*, 103 Mass. 382; *Smith* v. *Tennyson*, 219 Mass. 508, 512; *Hopkins* v. *Murphy*, 233 Mass. 476) the defendant contends, in substance, (a) that at the time of the letting the plaintiff concealed from the defendant dangerous defects in the premises known to the plaintiff and not discoverable by the defend-

ant, that such concealment was fraudulent and that the defendant was induced thereby to execute the leases, and (b) that subsequently, by reason of the dangerous condition of the premises, the defendant was evicted therefrom.

For support of these defences the defendant relies upon testimony of the superintendent of the building "that water had come into the basement of the building . . . for many years prior to the execution of the leases; that there was installed long before the defendant took the premises a system or attachment for the purpose of ridding the basement of water; that this system of pipes and valves was under a wooden floor above the floor of the basement, and that the means of access to the system was through a trap door in said floor; that to an ordinary observer coming in this basement this system and attachment would not be visible, and such observer would see nothing but the wooden floor itself"; and, upon testimony of the defendant's representative, that the brokers who acted for the plaintiff in leasing the premises told him "nothing about the conditions in the basement"; that "prior to the letting he simply walked through the . . . [building] and saw nothing out of the ordinary about the basement . . .; that in 1925 he had trouble with the water coming up through said wooden floor"; that the water continued to come into the basement from time to time during the following years, and that from time to time he complained to the superintendent and in 1928 complained to the brokers. There was no evidence of false representations by the plaintiff of the condition of the premises. Nor was there any evidence that the defendant vacated the premises prior to June, 1929, though there was testimony that in May of that year it attempted to secure a subtenant.

Obviously the system of pipes and valves for ridding the basement of water was not in itself, on the evidence, a defect or dangerous condition. The existence of this system and concealment thereof from the defendant would be material only as they tended to show that water came into the basement, and that this fact was concealed from the defendant. But, even if it is assumed in favor of the de-

fendant — as we do not decide — that water coming into the basement could be found to be a defect and a source of danger, the evidence, if believed, did not require a finding that the condition of the basement in this respect could not have been discovered readily by the defendant on examination. In the absence of proof of this fact, it was not shown that there was any concealed defect or any condition which should have been made known to the defendant by the plaintiff. *Bowe* v. *Hunking,* 135 Mass. 380, 384-385. *Cowen* v. *Sunderland,* 145 Mass. 363. *Booth* v. *Merriam,* 155 Mass. 521. *Mansell* v. *Hands,* 235 Mass. 253, 254–255. The refusal of the judge, therefore, to make the rulings requested as to concealed defects and failure of the plaintiff to make known to the defendant the dangerous condition of the premises, because "not applicable to the facts proved," was proper. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. It follows, also, that it cannot be ruled as matter of law that the defendant established the defence that it was induced to execute the lease by concealment or nondisclosure of the condition of the leased premises. And there was no evidence of other fraud apart from concealment. Since this defence must be based upon rescission of the contract of lease, it fails for the further reason that the defendant has not proved that it rescinded or attempted to rescind on discovery of the alleged concealment. *Milliken* v. *Thorndike,* 103 Mass. 382. *Hall* v. *Ryder,* 152 Mass. 528. See *Stevens* v. *Pierce,* 151 Mass. 207, 209–210. It is not necessary to consider whether other essential elements of this defence are lacking. Compare *Cutter* v. *Hamlen,* 147 Mass. 471, 474; *Stumpf* v. *Leland,* 242 Mass. 168, 174–175.

Nor can it be ruled as matter of law that the defence of eviction was made out. The evidence did not require — nor even warrant — the finding which is necessary to establish constructive eviction, that the plaintiff by its "intentional and wrongful act . . . has deprived the tenant of the beneficial use or enjoyment of the whole or a part of the leasehold." *Hopkins* v. *Murphy,* 233 Mass. 476, 477, and cases cited. Indeed the defendant was not "deprived"

of the "beneficial use or enjoyment" of the leased premises by any act of the plaintiff, but, on the contrary, as the trial judge found properly on evidence which need not be recited, "vacated the premises for business reasons."

Since a finding was not required that either defence relied upon by the defendant was established, it was not error to refuse to rule that "Upon all the evidence the defendant is entitled to a finding in its favor."

The judge was right in refusing to rule that "The plaintiff owed the defendant a duty to attempt to let the premises in mitigation of damages." The plaintiff was entitled to rely upon the defendant's agreement to pay rent and could recover thereon rent without diminution up to the termination of the lease by eviction, entry for condition broken, or otherwise, and no rent thereafter. *Sutton* v. *Goodman,* 194 Mass. 389, 395. *Towle* v. *Commissioner of Banks,* 246 Mass. 161, 167. *Weeks* v. *International Trust Co.* 125 Fed. Rep. 370, 375. *Underhill* v. *Collins,* 132 N. Y. 269, 271–272. Cases in which lessors seek to recover upon covenants by lessees to make up losses of rent following termination of the leases are distinguishable. See *Edmands* v. *Rust & Richardson Drug Co.* 191 Mass. 123; *Woodbury* v. *Sparrell Print,* 198 Mass. 1; *Weeks* v. *International Trust Co.* 125 Fed. Rep. 370; affirmed in *International Trust Co.* v. *Weeks,* 203 U. S. 364.

2. There was no error in the exclusion of evidence offered by the defendant.

The record of the sewer department showing that in October, 1922, water was coming into the basement, that the outlet of the catch basin — an obsolete type of basin — in front of the premises was obstructed, that upon removal of the obstruction no water appeared to be coming into the basement, and that later the catch basin was replaced by a new one, was immaterial upon the question of the condition of the premises in 1925, when the leases were executed, and thereafter.

Evidence of the physical condition of the defendant's president and treasurer was immaterial. Evidence that prior to the execution of the leases he had had a leg ampu-

tated had no tendency to show a defect or dangerous condition of the premises. Evidence that in 1928 he "had undergone an operation" and thereafter "while about the business . . . contracted asthma," that "the condition of the basement . . . with respect to water and dampness was such as to cause him to be unable to attend to the business of the defendant and that . . . [his] physical condition . . . was one of the causes of the vacating of the premises," did not show any "intentional and wrongful act" on the part of the plaintiff. Such physical condition of an officer of the defendant corporation even if it prevented him from working on the leased premises was not evidence of a dangerous condition of such premises, though it might have influenced the defendant not to carry on its business there.

*Order dismissing report affirmed.*