Riley, J.
This action of contract seeks the recovery of rent for the months of May, June, July and August, 1943, under the terms of a written lease. The defendant’s answer consists of a general denial, payment, eviction and an averment that the action is prematurely brought.
The trial judge denied each of the defendant’s seven requests for rulings and found for the plaintiff in the sum of $240.00.
The evidence in its aspects most favorable to .the plaintiff was susceptible of the following special findings of fact made by the trial judge:
“On August 6, 1942, the plaintiff, as lessor, and the defendant, as lessee, entered into a written lease, duly executed by both of them, by the terms of which the plaintiff leased to the defendant a suite of rooms known as suite 2, consisting of five rooms and bath and all appurtenances belonging thereto, located in the building No. 17 Chamberlain Street, in the Dorchester District of Boston, for the term of one year beginning Septem *77 ber 1, 1942, at the rental of $60.00 per month, payable in advance, the first payment to be made on the first day of September 1942, and $60.00 on the first day of each succeeding month.
“The defendant entered into possession of said leased premises on or about September 1,1942 and remained in possession thereof until May 11,1943 when he vacated the same.
“The lease executed by the parties provided that the lessor would ‘furnish the lessee with reasonable heat and hot water’ and further provided ‘that should the lessor [lessee] default in the payment of any month’s rent the whole amount due under the lease shall become due and payable’. Said lease made no provisions that the lessor would endeavor to relet the leased premises in case the lessee vacated the same before the expiration of the lease.
“The average temperature in the leased premises during the months beginning with November 1942 was from 42 to 48 degrees. As early as December 1942, if not before that date, and on several occasions thereafter throughout the winter months, the defendant complained to the plaintiff about the lack of heat and the plaintiff always answered that she maintained the thermostat which controlled the heat furnished to the leased premises at 75 degrees and that there should be plenty of heat in the leased premises. On- two occasions during the winter months 1942-1943 the leased premises were without any heat for at least one day on each occasion because the fuel oil used for heating purposes had run out.
“The defendant did not pay, and has never paid, the plaintiff the rent which became due under the terms of said lease on May 1, June 1, July 1, or August 1,1943, respectively.
“The plaintiff did not furnish the defendant with reasonable heat during the winter months of the defendant’s occupancy of the leased premises.
“After the defendant vacated the leased premises the plaintiff did not relet the same during the balance of the term of said lease and made no effort to do so.
“Prom November 1942 to May 11, 1943 was more than a reasonable time in which the defendant could have found other quarters in which to live. *78 “The plaintiff sold the building in which the leased premises were located some time during the first two weeks in August 1943 but subsequent to August 1, 1943.”
The defendant’s first and second requests are directed to the sufficiency of the evidence and may be discussed collectively. The second request “the evidence is insufficient to warrant a finding for the plaintiff” was properly denied as the special findings of fact made, find support in the evidence and warrant the general finding. Therefore, the disposition made of the first request “the evidence [is] sufficient to warrant a finding for the defendant” became of no consequence. Strong v. Haverhill Electric Co., 299 Mass. 455; Dangelo v. Farina, 310 Mass. 758.
The defendant claiming to be aggrieved by the denial of his third request, having failed to argue or brief ¡the same, apparently has waived it. Guinan v. Famous Players-Lasky Corp., 267 Mass. 501 at 519; Boston v. Dolan, 298 Mass. 346 at 355, 356.
Being mindful of the general principle that the court undertakes to prevent miscarriage of justice so far as permissible under the law, we have considered the defendant’s third request. It is plain upon the trial judge’s findings of fact that the plaintiff owned the premises on August 1, 1943 and did not sell the same until later and that the rent under the lease was due and payable on August 1, 1943, while the plaintiff was still the owner. Such facts justified the trial judge’s denial of request numbered 3.
Requests numbered four and six are both predicated on the evidence tending to show an eviction. The fourth was properly denied as it assumed a fact — constructive eviction, — which fact the trial judge did not find. The sixth request lost its vitality when the special findings of fact were made, and might have been granted as readily as it was denied.
*79 “It is settled that where a landlord fails to furnish heat as required by a lease or by a subsequent oral agreement the tenant is not required to vacate the premises immediately, but is entitled to a reasonable time to do so after such breach, and that what constitutes a reasonable time is generally a question of fact.” Rome v. Johnson, 274 Mass. 444 at 450.
The evidence warranted and the trial judge having found as a fact that the defendant did not abandon the premises within a reasonable time and that there was no eviction, his finding is binding on this Division, DeWitt v. Pierson, 112 Mass. 8, and justifies the denial of said requests.
Request numbered five based on the assumed fact that the premises had been relet, a fact of which there was no evidence, was properly denied. It appearing in evidence and having been found as a fact that the written lease contained no provision requiring the lessor to endeavor to re-let the leased premises in case the lessee vacated the same before the expiration of the lease, there was no duty upon the lessor to relet or to endeavor to relet. Fifty Associates v. Berger Dry Goods Co. Inc., 275 Mass. 509 at 514, and cases cited therein. Accordingly, request numbered seven was properly denied.
Report dismissed.